### IN THE UNITED STATES DISTRICT COURT  FOR
### THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE<br><br>         Plaintiff,<br><br>v.<br><br>JIVE SOFTWARE, LLC and IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC<br><br>         Defendants. | Civil Action No. _____<br><br>**Jury Trial Demanded** |

### Complaint

This is a complaint for patent infringement. Plaintiff Schoeneckers, Inc. ("BI Worldwide") brings this action against Jive Software, LLC ("Jive") and Ignite Enterprise Software Solutions, LLC ("IgniteTech") (collectively, "Defendants") and states as follows.

### Parties

1.      BI Worldwide is a Minnesota corporation having a principal place of business at 7630 Bush Lake Rd, Edina, MN, 55439.

2.      On information and belief, IgniteTech is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2028 E Ben White Blvd, Ste 240-2650, Austin, TX 78741. On information and belief, IgniteTech may be served in Texas at least via its registered agent, Capitol Corporate Services, Inc. at 1501 S MOPAC EXPY STE 220, Austin, TX 78746.

3.      On information and belief, Jive is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2028 E Ben White Blvd, Ste 240-2650,

Austin, TX 78741. On information and belief, Jive may be served in Texas at least via its

registered agent, Capitol Corporate Services, Inc. at 1501 S MOPAC EXPY STE 220, Austin, TX

78746. On information and belief, Jive was acquired by IgniteTech and is wholly-owned

subsidiary of, and is controlled and directed by, IgniteTech. [1]

## **Jurisdiction**

4.      This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants.

7.      The Court has general jurisdiction over Defendants because their affiliations with

the district are so continuous and systematic as to render it essentially at home in the Western

District of Texas. Both of Defendants' websites state their office is located at 2028 E Ben White

Blvd, Ste 240-2650, Austin, TX 78741.

8.      The Court has specific jurisdiction over Defendants because it has committed acts

of infringement in the District. Defendants make, use, sell, and/or offer for sale infringing

products throughout the United States, including in the Western District of Texas.  For example,

Jive advertises its work with Dell Inc., a company headquartered in Round Rock, Texas.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). As stated

above, Defendants have committed acts of infringement in this district and have a regular and

established place of business in this District. Moreover, Defendants are subject to this Court's

personal jurisdiction.

---

[1] https://ignitetech.com/about/blogs/ignitetech-announces-addition-jive-software-companys-leading-solutions?__hstc=50987190.b5d9ec2f2e74e8cc1b2d9c919536d11f.1704242493995.1704242493995.1704487235011.2&__hssc=50987190.2.1704487235011&__hsfp=1654019965 (last visited February 5, 2024).

**BI Worldwide's Patented Technology and Defendants' Infringing Product**

10.     BI Worldwide is the owner of U.S. Patent Nos. 8,768,764, 9,779,421, and

11,501,339 (respectively "the '764 patent", "the '421 patent", and "the '339 patent", collectively,

"the patents-in-suit"). These patents are included herewith as Exhibit A, B and C, respectively.

11.     These patents arose from research and development into systems and methods for

providing incentives to visitors of a website by Bunchball Inc. ("Bunchball"). Bunchball

launched the gamification industry in 2007. It recognized that there were two problems with

incentives being offered on websites at the time of their invention. First, each website was

required to independently develop the incentive software program. Second, incentive software

programs were written specifically for the websites and were not easily customizable once

written. Therefore, Bunchball developed an incentive application that is portable onto multiple

websites and customizable on each site. This research and development resulted in the patents-

in-suit.

12.     Bunchball also launched its Nitro platform in 2007. This platform uses the

technology described in the patents-in-suit. Since then, millions of people have completed more

than five billion challenges powered by Bunchball Nitro. This platform has become the leader in

enterprise gamification platforms. In 2018, Bunchball was purchased by BI Worldwide. BI

Worldwide continues to operate Bunchball and sell the Bunchball Nitro platform.

13.     Defendants use and sell a gamification platform that incentivizes users to engage

with their websites. Defendants' platform directly competes with the Bunchball Nitro platform

and infringes the patents-in-suit. *See* Exs. D-F; K-N.

**Jive's Previous Use of Nitro and Knowledge of the Patents**

14.    Jive was a customer of Bunchball for many years.  Beginning in 2012, Jive used Bunchball's Nitro Platform to offer gamification services to Jive's customers. Jive paid Bunchball fees for the rights to use the Nitro platform.[2]

15.    In 2022, Jive stopped using the Nitro platform and therefore stopped paying Bunchball fees. Nevertheless, Jive continues offering gamification services that are strikingly similar to the ones offered in the Bunchball Nitro platform. In fact, Jive's website still advertises that its Advanced Gamification Module uses Nitro. Exhibit J; *see also*

https://support.jivesoftware.com/hc/en-us/articles/360018620840-Installing-the-Nitro-Bunchball-Gamification-Plugin-Jive-On-Premise (last visited February 5, 2024).

16.    On May 18, 2023, BI Worldwide approached Jive and informed it that it infringed the '764 patent, the '421 patent, and the '339 patent. This letter is attached as Exhibit G. Jive responded on June 21, 2023, requesting additional information to support BI Worldwide's infringement claims (attached as Exhibit H). On July 10, 2023, BI Worldwide responded, and attached three claim charts for the '764 patent, the '421 patent, and the '339 patent (attached as Exhibit I). On October 27, 2023, BI Worldwide followed up with Defendants and requested they respond to BI Worldwide's correspondence. As of the date of this filing, Jive has never responded to this letter. As a result of Jive's lack of communication, the parties have not been able to resolve this dispute.

**Count 1**
**Claim for Patent Infringement of U.S. Patent 8,768,764**

---

[2] The relationship between Jive and Bunchball continued after BI Worldwide acquired Bunchball.

17.     BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

18.     BI Worldwide is the owner of the '764 patent, which issued on July 1, 2014 and is attached as Exhibit A.

19.     Defendants have infringed and continue to infringe one or more claims of the '764 patent, including at least claim 10 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing their platform. Attached as Exhibit D is a claim chart showing an example of how Defendants' system infringes claim 10 of the '764 patent.

20.     The use of Defendants' system satisfies Element 10[p] of the '764 patent, as shown in Exhibit D.

21.     The use of Defendants' system satisfies Element 10[a] of the '764 patent, as shown in Exhibit D.

22.     The use of Defendants' system satisfies Element 10[b] of the '764 patent, as shown in Exhibit D.

23.     The use of Defendants' system satisfies Element 10[c] of the '764 patent, as shown in Exhibit D.

24.     The use of Defendants' system satisfies Element 10[d] of the '764 patent, as shown in Exhibit D.

25.     The use of Defendants' system satisfies Element 10[e] of the '764 patent, as shown in Exhibit D.

26.     The use of Defendants' system satisfies Element 10[f] of the '764 patent, as shown in Exhibit D.

27.     The use of Defendants' system satisfies Element 10[g] of the '764 patent, as shown in Exhibit D.

28.     Defendants directly infringe, literally and under the doctrine of equivalents, claims of the '764 patent through making, using, selling, offering for sale, and/or importing their platform.

29.     Defendants also indirectly infringe claims of the '764 patent. Defendants have known the Jive platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '764 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '764 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '764 patent.

30.     Defendants willfully infringed and continue to willfully infringe the '764 patent.

31.     BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

32.     Defendants' infringement of the '764 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '764 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 2
### Claim for Patent Infringement of U.S. Patent 9,779,421

33.     BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

34.     BI Worldwide is the owner of the '421 patent, which issued on October 3, 2017 and is attached as Exhibit B.

35.     Defendants have infringed and continue to infringe one or more claims of the '421 patent, including at least claim 12 under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing their platform. Attached as Exhibit E is a claim chart showing an example of how Defendants' system infringes claim 12 of the '421 patent.

36.     The use of Defendants' system satisfies Element 10[p] of the '421 patent, as shown in Exhibit E.

37.     The use of Defendants' system satisfies Element 10[a] of the '421 patent, as shown in Exhibit E.

38.     The use of Defendants' system satisfies Element 10[b] of the '421 patent, as shown in Exhibit E.

39.     The use of Defendants' system satisfies Element 10[c] of the '421 patent, as s shown in Exhibit E.

40.     The use of Defendants' system satisfies Element 10[d] of the '421 patent, as shown in Exhibit E.

41.     The use of Defendants' system satisfies Element 10[e] of the '421 patent, as shown in Exhibit E.

42.     The use of Defendants' system satisfies Element 10[f] of the '421 patent, as shown in Exhibit E.

43.     The use of Defendants' system satisfies Element 10[g] of the '421 patent, as shown in Exhibit E.

44.      Defendants directly infringe, literally and under the doctrine of equivalents, claims of the '421 patent through making, using, selling, offering for sale, and/or importing their platform.

45.      Defendants also indirectly infringe claims of the '421 patent. Defendants have known the Jive platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '421 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '421 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '421 patent.

46.      Defendants willfully infringed and continue to willfully infringe the '421 patent.

47.      BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

48.      Defendants' infringement of the '421 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '421 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Count 3
### Claim for Patent Infringement of U.S. Patent No. 11,501,339

49.      BI Worldwide incorporates by reference each of the paragraphs above as if fully set forth herein.

50.      BI Worldwide is the owner of the '339 patent, which issued on November 15, 2022 and is attached as Exhibit C.

51.     Defendants have infringed and continue to infringe one or more claims of the
'339 patent, including at least claim 12 under 35 U.S.C. § 271(a) by making, using, offering to
sell, selling, and/or importing their platform. Attached as Exhibit F is a claim chart showing an
example of how Defendants' system infringes claim 12 of the '339 patent.

52.     The use of Defendants' system satisfies Element 10[p] of the '339 patent, as
shown in Exhibit F.

53.     The use of Defendants' system satisfies Element 10[a] of the '339 patent, as
shown in Exhibit F.

54.     The use of Defendants' system satisfies Element 10[b] of the '339 patent, as
shown in Exhibit F.

55.     The use of Defendants' system satisfies Element 10[c] of the '339 patent, as
shown in Exhibit F.

56.     The use of Defendants' system satisfies Element 10[d] of the '339 patent, as
shown in Exhibit F.

57.     The use of Defendants' system satisfies Element 10[e] of the '339 patent, as
shown in Exhibit F.

58.     The use of Defendants' system satisfies Element 10[f] of the '339 patent, as
shown in Exhibit F.

59.     The use of Defendants' system satisfies Element 10[g] of the '339 patent, as
shown in Exhibit F.

60.     Defendants directly infringe, literally and under the doctrine of equivalents,
claims of the '339 patent through making, using, selling, offering for sale, and/or importing their
platform.

61.      Defendants also indirectly infringe claims of the '339 patent. Defendants have known the Jive platform was especially made or especially adapted for use in an infringing manner since before this complaint was filed. Defendants actively induce infringement because they directly encourage their customers to use the platform in a way that results in infringement of the '339 patent by selling access to the platform. Defendants also contribute to infringement because their platform is not a staple article of commerce suitable for substantial non-infringing uses. For example, there is no substantial use for the platform that does not infringe the '339 patent. The intended, normal use of Defendants' platform results in infringement. Defendants' platform is a material part of the invention of the '339 patent.

62.      Defendants willfully infringed and continue to willfully infringe the '339 patent.

63.      BI Worldwide has satisfied the notice or marking provisions of 35 U.S.C. § 287.

64.      Defendants' infringement of the '339 patent has caused and will continue to cause damage to BI Worldwide unless Defendants are enjoined from infringing the '339 patent. Defendants' use of the patent has caused irreparable harm for which there is no adequate remedy at law.

## Prayer for Relief

BI Worldwide respectfully requests the following relief:

A.      A judgment that Defendants have infringed the '764 patent, the '421 patent, and the '339 patent;

B.      A judgment and order requiring Defendants to pay all appropriate damages, including prejudgment and post-judgment interest, and including increased damages for their willful infringement;

C.       A judgment and order requiring Defendants to pay all costs of this action,

including all disbursements and attorney fees because this case is exceptional under 35 U.S.C. §

285;

D.       Permanent injunctions against Defendants and their officers, agents, employees,

attorneys, and all persons in active concert or participation with them, prohibiting infringement

of the '764 patent, the '421 patent, and the '339 patent;

E.       Such other and further relief that this Court may deem just and equitable.

## Demand for a Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BI Worldwide demands a

trial by jury of all issues so triable.

Dated: February 13, 2024                          Respectfully submitted,

/s/*Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

Nathan D. Louwagie (*pro hac vice forthcoming*)
Katherine Q. Chen (*pro hac vice forthcoming*)
**CARLSON CASPERS VANDENBURGH & LINDQUIST PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600
nlouwagie@carlsoncaspers.com
kchen@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide*