**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

SCHOENECKERS, INC., d/b/a BI WORLDWIDE
*Plaintiff*,

v.

JIVE SOFTWARE, LLC and IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC

*Defendants*.

Case No. 1:24-cv-00152-rp

**JURY TRIAL DEMANDED**

# DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND COUNTERCLAIMS

Defendants Jive Software, LLC and Ignite Enterprise Software Solutions, LLC (collectively, "Defendants" or "Ignite") hereby answer Plaintiff Schoeneckers, Inc., d/b/a BI Worldwide ("Plaintiff" or "Schoeneckers") Complaint and assert their affirmative defenses and counterclaims as set forth below. Defendants deny they have infringed any valid or enforceable claim of the Asserted Patents, and further deny all allegations of the Complaint that are not expressly admitted below.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

2. Denied.

3. Defendants admit Jive Software, LLC is a Delaware corporation, having a principal place of business at 2028 E Ben White Blvd, Ste 240-2650, Austin, Texas 78741. Defendants

further admit Jive Software, LLC may be served via Capitol Corporate Services, Inc. at 1501 Mopac Expressway, Suite 220, Austin, Texas 78746. Defendants deny the remaining allegations in this paragraph.

**JURISDICTION**

4. Defendants admit allegations of patent infringement arise under the Patent Act, 35 U.S.C. § 271 et seq. Defendants deny any allegations of patent infringement.

5. Defendants admit this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Defendants deny any allegations of patent infringement.

6. Admitted.

7. Defendants admit this Court has personal jurisdiction over them and that their office is located at 2028 E Ben White Blvd, Ste 240-2650, Austin, Texas 78741. Defendants deny any remaining allegations in this paragraph.

8. Defendants admit Jive indicates on its website that it has worked with Dell. Defendants deny the remaining allegations in this paragraph.

9. Defendants admit this Court has personal jurisdiction over them. Defendants deny the remaining allegations in this paragraph.

**BI Worldwide's Patented Technology and Defendants' Infringing Product**

10. Defendants admit that purported copies of U.S. Patent Nos. 8,768,764, 9,779,421, and 11,501,339 are attached to the Complaint as Exhibits A, B, and C and speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

13. Defendants admit they sell a platform that encourages users to engage with customer websites. Defendants deny the remaining allegations in this paragraph.

**Jive's Previous Use of Nitro and Knowledge of the Patents**

14. Defendants admit Jive was a customer of Bunchball and used the Nitro Platform. Jive admits it paid money to Bunchball, in part, for the right to use the Nitro platform. Defendants deny the remaining allegations in this paragraph.

15. Defendants admit Jive stopped using the Nitro platform. Defendants deny the remaining allegations in this paragraph.

16. Defendants admit Plaintiff approached Jive and made allegations of patent infringement. Exhibits G, H, and I speak for themselves. Defendants deny any remaining allegations in this paragraph.

**Count 1**
**Claim for Patent Infringement of U.S. Patent 8,768,764**

17. Defendants restate and incorporate by reference the answers to the foregoing paragraphs as if fully set forth herein.

18. Exhibit A speaks for itself. Defendants deny any remaining allegations in this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

32. Denied.

**<u>Count 2</u>**
**Claim for Patent Infringement of U.S. Patent 9,779,421**

33. Defendants restate and incorporate by reference the answers to the foregoing paragraphs as if fully set forth herein.

34. Exhibit B speaks for itself. Defendants deny any remaining allegations in this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

48. Denied.

**<u>Count 3</u>**
**Claim for Patent Infringement of U.S. Patent 11,501,339**

49. Defendants restate and incorporate by reference the answers to the foregoing paragraphs as if fully set forth herein.

50. Exhibit C speaks for itself. Defendants deny any remaining allegations in this paragraph.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them

64. Denied.

## PRAYER FOR RELIEF

No response to the Prayer for Relief is required. To the extent a response is required, Defendants deny Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendants assert, without assuming any burden of pleading or proof that would otherwise rest on the Plaintiff, the following affirmative defenses and reserve the right to amend as additional information becomes known.

### FIRST DEFENSE

Defendants have not infringed, and do not infringe, any valid, enforceable claim of the United States Patent Nos. 8,768,764, 9,779,421, or 11,501,339 (collectively, the "Asserted Patents") under any theory, including literally, under the doctrine of equivalents, directly, contributorily, by inducement, willfully, or in any other manner.

### SECOND DEFENSE

The asserted claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE

Plaintiff is estopped, in whole or in part, from construing any valid claim of the Asserted Patents to be infringed or have been infringed, either literally or by application of the doctrine of

equivalents, by any of the accused products in view of the prior art or because of any admissions, representations, and/or statements made to the USPTO in the specification of, and during the prosecution of, the applications leading to the issuance of Asserted Patents or any related patents, because of disclosure language in the specification of the patent-in-suit, and/or because of limitations in the claims of the Asserted Patents.

**FOURTH DEFENSE**

Plaintiff's claims for relief against Defendants are barred, in whole or in part, under the principles of equity, including waiver, laches, estoppel, promissory estoppel, intervening rights, prosecution history estoppel and/or disclaimer.

**FIFTH DEFENSE**

Plaintiff's claims for relief against Defendants are barred, in whole or in part, because Plaintiff expressly released the claims per a valid and enforceable agreement.

**SIXTH DEFENSE**

To the extent that Plaintiff, any predecessors-in-interest to the Asserted Patents, or their licensees failed to properly mark any of their relevant products, the monetary damages sought by Plaintiff are limited in whole or in part for failure to comply with 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**SEVENTH DEFENSE**

Plaintiff's claims for relief against Defendants are barred, in whole or in part, under the doctrine of unclean hands.

**EIGHTH DEFENSE**

Plaintiff's claims for patent infringement are precluded in whole or in part by one or more of: (i) express or implied license; (ii) release, (iii) patent exhaustion, (iv) to the extent that any Defendants' accused products are imported by, sold by or to, offered for sale by, made by,

made for, or otherwise supplied (directly or indirectly) by or to any entity or entities having express or implied licenses to the Asserted Patents; and/or (v) any doctrine precluding double recovery for claims of infringement attributable to the same device.

## NINTH DEFENSE

Pursuant to 35 U.S.C. § 285, this case is exceptional for at least the reason that Plaintiff is aware Defendants are released from the patent infringement claims alleged, and Defendants should therefore be awarded reasonable attorneys' fees.

## COUNTERCLAIMS

Under Federal Rule of Civil Procedure 13, Defendants/Counter-plaintiffs Jive Software, LLC and Ignite Enterprise Software Solutions, LLC (collectively, "Defendants/Counter-plaintiffs" or "Ignite") counterclaim against Plaintiff/Counter-defendant Schoeneckers, Inc., d/b/a BI Worldwide ("Plaintiff/Counter-defendant" or "BI Worldwide") and allege the following:

## THE PARTIES

1. Defendant/Counter-plaintiff Jive Software, LLC is a Delaware corporation, having a principal place of business in Austin, Texas.

2. Defendant/Counter-plaintiff Ignite Enterprise Software Solutions, LLC is a Delaware corporation, having a principal place of business in Austin, Texas.

3. In its Complaint, Plaintiff/Counter-defendant states it is a Minnesota corporation having a principal place of business at 7630 Bush Lake Rd, Edina, MN 55439.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202.

5. Venue for these counterclaims is proper under 28 U.S.C. §§ 1391 and 1400.

6. By filing its Complaint in this District, Plaintiff/Counter-defendant has consented to personal jurisdiction and venue.

## BACKGROUND

7. On or about May 2023, counsel for BI Worldwide sent Ignite a letter alleging it was infringing United States Patent Nos. 8,768,764, 9,779,421, and 11,501,339 (collectively, the "Asserted Patents"). Counsel for Ignite responded by asking for additional information and evidence to support BI Worldwide's allegations.

8. Over the course of the next several months, the parties exchanged letters back and forth, which included letters from Ignite that explained why (i) the claims Plaintiff/Counter-defendant were alleging were expressly released by agreement, (ii) Defendants/Counter-plaintiffs do not infringe the Asserted Patents, and (iii) the Asserted Patents are invalid.

9. In particular, Ignite reminded BI Worldwide that, on February 15, 2022, the Aurea Software, Inc. ("Aurea") and BI Worldwide entered into an agreement that resolved a dispute between relating to alleged outstanding invoices owed to BI Worldwide for access to the Nitro platform as well amounts to be paid for continued access to the Nitro platform for a limited period of time (the "Agreement"). The Agreement is attached hereto and incorporated herein as **Exhibit A**.

10. As part of the Agreement, BI Worldwide expressly agreed to release and hold harmless Aurea and its parents, subsidiaries, and affiliates from, among other things, any claims, actions, or causes of action of every nature, whether known or unknown, that currently existed or had arisen prior to the date of the Agreement. *See* Ex. A at 4.

11. At the time of the Agreement, Defendants/Counter-plaintiffs Jive Software, LLC and Ignite Enterprise Software Solutions, LLC were affiliates of Aurea Software, Inc. and remain

so currently.

12. Because the alleged acts of infringement against Ignite began prior to the date of the Agreement, BI Worldwide has expressly agreed to release any such claims. BI Worldwide is aware of this and has been reminded of this repeatedly by Ignite. Nevertheless, BI Worldwide has chosen to pursue this lawsuit in breach of the Agreement.

**COUNTERCLAIM I**
**(Third Party Beneficiary Breach of Contract)**

13. The Agreement entered into between Aurea Software, Inc. and BI Worldwide is a valid contract.

14. Aurea tendered performance of the Agreement, including by making the agreed-to payment of $395,075 to Plaintiff.

15. The Agreement specifically provides that BI Worldwide "releases and agrees to hold harmless AUREA, and its parents, subsidiaries, affiliates, and each of their respective directors, managers, employees, attorneys, successors, and assigns, jointly and severally, from and against any and all rights, claims, demands, acts, agreements, liabilities, obligations, damages, costs, fees (including, without limitation, those of attorneys), expenses, actions and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which currently exist or have arisen at any time prior to the Effective Date of this Agreement."

16. At the time of the Agreement, Defendants/Counter-plaintiffs Jive Software, LLC and Ignite Enterprise Software Solutions, LLC were affiliates of Aurea Software, Inc. and remain so currently.

17. Defendants/Counter-plaintiffs Jive Software, LLC and Ignite Enterprise Software Solutions, LLC are intended third party beneficiaries of the Agreement and specifically of the

release language in paragraph 5 of the Agreement.

18. BI Worldwide has materially breached the Agreement by filing suit on claims that have been expressly released.

19. Defendants/Counter-plaintiffs Jive Software, LLC and Ignite Enterprise Software Solutions, LLC has been damaged as a result of BI Worldwide's breach.

**COUNTERCLAIM II**
**(Declaratory Judgement of Invalidity of Asserted Patents)**

20. Ignite realleges and incorporates by reference the allegations in the foregoing paragraphs.

21. One or more claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. An actual and justiciable controversy exists between Ignite and Plaintiff concerning the validity of the Asserted Patents.

23. Ignite respectfully requests the Court declare the Asserted Patents are invalid.

**JURY DEMAND**

Ignite respectfully demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Ignite respectfully requests that the Court enter judgment in favor of Ignite and award the following relief:

A. Declaratory Judgment that each of the Asserted Patents are invalid;

B. A judgment that Plaintiff/Counter-defendant BI Worldwide is in breach of the Agreement and that Defendants/Counter-plaintiffs are entitled to damages as a result;

C. Denial of each request for relief by BI Worldwide;

D. Dismissal with prejudice of all claims alleged by BI Worldwide in the Complaint;

E. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award to Defendants/Counter-plaintiffs of its costs and attorneys' fees, and;

F. Any further necessary and proper relief as this Court may deem just and proper.

Dated: June 3, 2024

By: */s/ Conor M. Civins*

Conor M. Civins
Texas Bar No. 24040693
conor.civins@bracewell.com
Michael Chibib
Texas Bar No. 00793497
michael.chibib@bracewell.com
111 Congress Ave. Suite 2300
Austin, TX 78701
Telephone: (512) 472-7800

*Counsel for Defendants Jive Software, LLC and Ignite Enterprise Software Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

By: */s/ Conor M. Civins*
Conor M. Civins