**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| SCHOENECKERS, INC., d/b/a BI WORLDWIDE<br><br>Plaintiff,<br><br>v.<br><br>JIVE SOFTWARE, LLC and IGNITE ENTERPRISE SOFTWARE SOLUTIONS, LLC<br><br>Defendants. | Civil Action No.: 24-cv-00152<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff Schoeneckers, Inc., d/b/a BI Worldwide ("BI Worldwide" or "Plaintiff") by and through their undersigned counsel, hereby answer Defendants Jive Software, LLC's and Ignite Enterprise Software Solutions, LLC's (collectively, "Defendants/Counterclaim Plaintiffs" or "Ignite") counterclaims as follows:

**PARTIES**

1. Upon information and belief, BI Worldwide admits that Jive Software, LLC is a Delaware corporation having a principal place of business in Austin, Texas.

2. Upon information and belief, BI Worldwide admits that Ignite Enterprise Software Solutions, LLC is a Delaware corporation, having a principal place of business in Austin, Texas.

3. Admitted.

**JURISDICTION AND VENUE**

4. BI Worldwide states that the allegations contained in Paragraph 4 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any

response is required, BI Worldwide does not contest subject matter jurisdiction for the purposes of this matter only. BI Worldwide denies the remaining allegations contained in Paragraph 4.

5. BI Worldwide states that the allegations contained in Paragraph 5 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, BI Worldwide does not contest venue in this Court for purposes of this matter only. BI Worldwide denies the remaining allegations contained in Paragraph 5.

6. BI Worldwide states that the allegations in Paragraph 6 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, BI Worldwide does not contest personal jurisdiction for the purposes of this matter only. BI Worldwide denies the remaining allegations contained in Paragraph 4.

## BACKGROUND

7. BI Worldwide admits that counsel for BI Worldwide sent a letter to Ignite on May 18, 2023 and repeats and realleges the allegations contained in Paragraphs 1 through Paragraph 64 of its Complaint. BI Worldwide admits that counsel for Ignite responded to BI Worldwide's May 18, 2023 letter. BI Worldwide denies the remaining allegations contained in Paragraph 7.

8. BI Worldwide admits that Defendants sent BI Worldwide a letter on June 21, 2023 requesting the information that supports BI Worldwide's infringement claims. BI Worldwide admits that Defendants sent BI Worldwide another letter on March 8, 2024 referencing the document that is attached to Defendants counterclaims as Exhibit A. BI Worldwide denies the remaining allegations contained in Paragraph 8.

9. BI Worldwide admits that Defendants letter referenced the document that is attached to Defendants counterclaim as Exhibit A. BI Worldwide denies the remaining allegations contained in Paragraph 9.

10. BI Worldwide states that the allegations contained in Paragraph 10 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent a response is necessary, BI Worldwide admits that Exhibit A states: "BI Worldwide, for itself and its successors and assigns, hereby releases and agrees to hold harmless AUREA, and its parents, subsidiaries, affiliates, and each of their respective directors, managers, employees, attorneys, successors, and assigns, jointly and severally, from and against any and all rights, claims, demands, acts, agreements, liabilities, obligations, damages, costs, fees (including, without limitation, those of attorneys), expenses, actions and/or causes of action of every nature, character and description, whether known or unknown, suspected or unsuspected, which currently exist or have arisen at any time prior to the Effective Date of this Agreement." BI Worldwide denies the remaining allegations contained in Paragraph 10.

11. BI Worldwide is without sufficient knowledge or information to form a belief as to the truth of allegations and characterizations contained in Paragraph 11 of the Counterclaims, and therefore denies them.

12. Denied.

**COUNTERCLAIM I**
**(Third Party Beneficiary Breach of Contract)**

13. Exhibit A, which the counterclaim defines as "The Agreement", is not an executed agreement. Therefore, denied.

14. Exhibit A, which the counterclaim defines as "The Agreement", is not an executed agreement. Therefore, denied.

15. BI Worldwide admits that Exhibit A includes the language Defendants enclose in quotation marks in this paragraph. BI Worldwide denies the remaining allegations contained in Paragraph 15.

16. BI Worldwide is without sufficient knowledge or information to form a belief as to the truth of allegations and characterizations contained in Paragraph 16 of the Counterclaims, and therefore denies them.

17. BI Worldwide is without sufficient knowledge or information to form a belief as to the truth of allegations and characterizations contained in Paragraph 17 of the Counterclaims. BI Worldwide states that the allegations contained in Paragraph 17 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent a response is necessary, BI Worldwide denies the allegations contained in Paragraph 17.

18. Denied.

19. Denied.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of Asserted Patents)**

20. BI Worldwide restates and incorporates herein their answers to each allegation of paragraphs 1 through 19.

21. Denied.

22. BI Worldwide admits that an actual controversy exists between Ignite and BI Worldwide regarding Ignite's infringement of the patents-in-suit. Except as admitted, BI Worldwide denies the remaining allegations contained in Paragraph 22.

23. BI Worldwide states that Paragraph 23 of the Counterclaims does not contain a factual allegation to which a response is necessary. To the extent a response is necessary, BI Worldwide denies the allegations contained in Paragraph 23.

## JURY DEMAND

This sentence does not contain a factual allegation to which a response is necessary. To the extent a response is necessary, BI Worldwide demands a trial by jury of all issues in its Complaint (D.I. 1).

## PRAYER FOR RELIEF

BI Worldwide denies that Ignite is entitled to any of the relief requested in their Prayer for Relief or any remedy or relief whatsoever.

Dated: June 24, 2024

Respectfully submitted,

*/s/Nathan D. Louwagie*

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

Jennell C. Bilek
Nathan D. Louwagie
Katherine Q. Chen

**CARLSON CASPERS VANDENBURGH & LINDQUIST, PA**
225 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 436-9600

jbilek@carlsoncaspers.com
nlouwagie@carlsoncaspers.com
kchen@carlsoncaspers.com

*Attorneys for Plaintiff Schoeneckers, Inc. d/b/a BI Worldwide*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of June, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a). Any other counsel of record will be served by electronic mail on this same date.

*s/Nathan D. Louwagie*
Nathan D. Louwagie